**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JEFFREY ELMORE,                                                                    PLAINTIFF
ADC # 091418

v.                                        4:24CV00263-BSM-JTK

DOES, et al.                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.   Any party may file written objections to all or part of this Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.      **Introduction**

Jeffrey Elmore ("Plaintiff") is in custody at the Cummins Unit of the Arkansas Division of Correction ("ADC").   He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted.   (Doc. Nos. 1, 2, 4).   The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted.   (Doc. No. 5).   Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading.   (Id.)

After the Court directed Plaintiff to file an Amended Complaint, Plaintiff filed three declarations, a Motion to Dismiss Unexhausted Claims, a Motion for Order that the Court denied, and three Amended Complaints.   (Doc. Nos. 6-10, 12-14).

Plaintiff indicated that his third Amended Complaint (Doc. No. 14) "will supersede the other (2) complaints." Elmore v. Bass, 4:24-cv-00100-LPR-BBM, Doc. No. 16 at 2.[1]   The Court notes that Plaintiff was instructed that an Amended Complaint renders his original Complaint without legal effect, and that only claims properly set out in the Amended Complaint will be allowed to proceed.  (Doc. No. 5 at 6).   Because Plaintiff indicated that he intended the third Amended Complaint to supersede his other pleadings, the Court will consider only the claims set out in the third Amended Complaint (Doc. No. 14).   The Court will now continue screening Plaintiff's claims.

## II.    Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[1]  Plaintiff's third Amended Complaint was originally filed in another civil rights case Plaintiff filed in this district due to a clerical error.   The third Amended Complaint was then properly filed in this case.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

### A.    Plaintiff's Third Amended Complaint

Plaintiff's 18-page third Amended Complaint contains a 15-page-long list of Defendants that range from Benny Magness, Arkansas Division of Correction Board Chairman, to Thomas Burns, State's Attorney/Legal Services Unit, to Bill Glover, Education Director, to Ardella Bearden, Think Legacy Re-Entry Administration East, among others with a wide range of titles. (Doc. No. 14 at 1-15). Plaintiff sued Defendants in their official capacities only. (Id. at 15). Plaintiff's brief statement of claim reads in its entirety:

> The Defendants named in this case victimized Plaintiff[] and filed state and federal taxes on his money i.e. money spent for commissary, inmate counsel phone calls itemized and filed on those taxes. The Defendants place those returns in a interest bearing account then embezzled the money. This was Plaintiff's money. Plaintiff did not sign his rights away in regards to his taxes. Defendants embezzled Plaintiff's (E.I.P.) economic impact payment in the amount of $1,400 as well. Defendants have to work in concert in order to embezzle Plaintiff's tax returns dating back to 2002 to date.

(Id. at 17).

Plaintiff seeks "$25,000,000.00 in punitive and compensatory damages and any and all just relief this honorable court deems just and fair."

### B.    Analysis

Plaintiff alleges Defendants acted in concert to embezzle his tax returns dating back to 2002 and his E.I.P. payment. As an initial matter, the limitations period for a § 1983 action is governed by the statute of limitations for personal-injury actions in the state in which the claim

accrues.   See <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Sanchez v. United States</u>, 49 F.3d 1329, 1330 (8th Cir. 1995).   The Eighth Circuit has acknowledged that, in Arkansas, the general personal-injury statute of limitations is three years.   See <u>Ketchum v. City of W. Memphis</u>, 974 F.2d 81, 82 (8th Cir. 1992); <u>Morton v. City of Little Rock,</u> 934 F.2d 180, 182–83 (8th Cir. 1991). Therefore, § 1983 claims accruing in Arkansas have a three-year statute of limitations.   Plaintiff filed this case on March 21, 2024.   Any claims arising before March 21, 2021 are barred by the applicable statute of limitations.

The Court interprets Plaintiff's allegations that Defendants acted in concert as a conspiracy claim.   A conspiracy claim under 42 U.S.C. § 1983 requires a plaintiff to establish: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff."   <u>Burton v. St. Louis Bd. of Police Com'rs</u>, 731 F.3d 784, 798 (8th Cir. 2013) (internal citations omitted).   A claim of conspiracy must be supported by factual allegations sufficient to suggest that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and "meeting of the minds." <u>Smith v. Bacon</u>, 699 F.2d 434, 436 (8th Cir. 1983) (internal citation omitted).

Plaintiff did not make allegations sufficient to establish any mutual understanding or meeting of the minds.   As such, any conspiracy claims fail.

Plaintiff sued Defendants in their official capacities only.   Plaintiff's § 1983 claims against the Defendants in their official capacities are the equivalent of claims against the State of Arkansas. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989).   The Eleventh Amendment bars Plaintiff's damages claims, but it does not bar claims for prospective injunctive relief.   <u>McDaniel</u>

v. Precythe, 897 F.3d 946, 951-52 (8th Cir. 2018) (internal citation omitted).   Notably, Plaintiff did not ask for any specific injunctive relief.

Further, to state an official capacity claim, Plaintiff would have had to allege that a Defendant acted pursuant to an unlawful ADC policy or practice.   Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006) ("to establish liability in official-capacity suit under § 1983, plaintiff must show, inter alia, that official named in suit took action pursuant to unconstitutional governmental policy or custom") (internal citation omitted).   See also Jackson v. Buckman, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) ("Absent an underlying constitutional violation, . . . official-capacity . . . claims . . .  necessarily fail.")   But Plaintiff failed to explain any individual actions by any Defendant.   When the Court gave Plaintiff the chance to amend his Complaint, the Court specifically instructed Plaintiff to "provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible."   (Doc. No. 5 at 7).   Plaintiff has not provided those details.

Additionally, even if Plaintiff had sued Defendants in their personal capacities, Plaintiff's personal capacity claims would fail.   As mentioned above, Plaintiff did not provide any factual allegations against any individual Defendant.

Plaintiff's third Amended Complaint fails to state a claim on which relief may be granted. Because Plaintiff failed to state a claim on which relief may be granted, his Complaint, as amended, should be dismissed without prejudice.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.     This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2.      Plaintiff's Motion to Dismiss (Doc. No. 8) be DENIED as moot.

3.      The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[3] and

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 30th day of April, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows:    "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."